UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NICHOLAS GUTTENBERG,

                    *Plaintiff,*

                    *COMPLAINT*
                    *Index No.:* 1:22-cv-08653

                *- against -*

R. MARGARET CURRIER,
KATIE DOOMY a/k/a KATHRYN TOTH,

                    *Defendants.*
------------------------------------------------------------x

*Plaintiff, Nicholas Guttenberg, against Defendants, R. Margaret Currier and Katie Doomy a/k/a Kathryn Toth, jointly and severally, hereby alleges:*

1. Nicholas Guttenberg ("Guttenberg") operates and does business from the address of 399 Hawley Road, North Salem, New York, 10560.

2. Upon information belief, R. Margaret Currier ("Ms. Zan") resides and does business from 477 Gin Cove Road, Perry, Maine 04667

3. Upon information belief, Katie Doomy a/k/a Kathryn Toth ("Ms. Toth") resides and does business from 5155 Rosetrace Cove, Powder Springs, Georgia, 30127.

### AND AS FOR CAUSE OF ACTION FOR
### TORTIOUS INTERFERENCE OF CONTRACT

4. Guttenberg is the President of three cyber-security companies. Foxrun Development Co., LLC, Skyridge Services LLC., and Guttenberg Professional Services LLC ("GPS"). All three companies are engaged in the design, development, and implementation of cyber security products, including but not limited to: Patents regarding the development of USB technologies, Patents regarding the development of software technology, In the field of cybersecurity, Guttenberg working with a team made up of nuclear engineers, designed a mechanically locking intelligent remote-controlled flash-drive which was thereafter patented. Subsequent to the issuance of this original design, a second patent was designed and procured from the United States Patent and Trademark Office. Thereafter, Guttenberg secured the services of the Swiss company Helbling to translate the patented designs into functioning prototypes. The patented technology has been presented to industry giants, including but not limited to General Electric, Kensington, Panduit, Symantec, Davidson Technologies, Cyber Command, S&K Technologies, Inc., and Trek 2000. Guttenberg maintains offices in North Salem New York, Santa Fe New Mexico, and

Singapore.

5. Guttenberg submitted an invoice to the American Belgian Laekenois Association (hereinafter "ABLA") for legal services in the amount for $10,000.00.

6. This invoice was for the development and registration with the USPTO of a patent.

7. Said patent was designed to be software, tested and licensed out to the ABLA and the 4000 other licensed and member clubs composing the American Kennel Club Inc. (hereinafter "AKC")

8. ABLA was not to be charged a royalty for its license; however, the other clubs would be. The term for the license would be five years.

9. Ms. Zan was aware that the amount reflected on the invoice submitted by GPS to ABLA was for the development of the software and filing of the patent.

10. On September 27th, a petition was filed within the State of Louisiana by Ms. Zan.

11. In said petition, Ms. Zan alleged that the $10,000.00 payable to GPS was for legal services.

12. At the time of filing Ms. Zan knew that the invoiced amount and items statement was for the development of software and patent filing.

13. Defendant Zan alleged in her petition that Nicholas Guttenberg and Nancy Guttenberg were engaging in the unlawful practice of law in the State of Louisiana.

14. A grievance charge was filed with the Louisiana State Bar Association using the invoice of GPS as proof that Nicholas Gutenberg and Nancy Guttenberg were engaging in the unlawful practice of law.

15. At the time of filing, Ms. Zan knew this was a misstatement of the material fact.

16. As a result of Ms. Zan's filing of the disciplinary grievance and the petition, ABLA canceled its contract with Nicholas Guttenberg for legal services.

17. Guttenberg hereby alleges Ms. Zan's conduct constitutes tortious interference with the contract having established all four elements, which are (1) the existence of a contract between plaintiff and a third party; (2) Defendant's knowledge of the contract; (3) Defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to Plaintiff resulting in damages to himself and his company.

18. Based upon Ms. Zan's tortious interference with Guttenberg demands damages in the amount of $4,000,000.00. This damage comes from the calculation that charging

$1,000.00 annually in a licensing contract for 4000 AKC clubs comes to the amount of $4,000,000.00.

## AND AS FOR CAUSE OF ACTION FOR
## TORTIOUS INTERFERENCE OF CONTRACT

19. Guttenberg submitted an invoice to the American Belgian Laekenois Association (hereinafter "ABLA") for legal services in the amount for $10,000.00.

20. This invoice was for the development and registration with the USPTO of a patent.

21. Said patent was designed to be software, tested and licensed out to the ABLA and the 4000 other licensed and member clubs composing the American Kennel Club Inc. (hereinafter "AKC")

22. ABLA was not to be charged a royalty for its license; however, the other clubs would be. The term for the license would be five years.

23. Ms. Toth was aware that the amount reflected on the invoice submitted by GPS to ABLA was for the development of the software and filing of the patent.

24. On September 27th, a petition was filed within the State of Louisiana by Defendant Toth.

25. In said petition, Ms. Toth alleged that the $10,000.00 payable to GPS was for legal services.

26. At the time of filing Ms. Toth knew that the invoiced amount and items statement was for the development of software and patent filing.

27. Ms. Toth alleged in her petition that Nicholas Guttenberg and Nancy Guttenberg were engaging in the unlawful practice of law in the State of Louisiana.

28. A grievance charge was filed with the Louisiana State Bar Association using the invoice of GPS as proof that Nicholas Gutenberg and Nancy Guttenberg were engaging in the unlawful practice of law.

29. At the time of filing, Ms. Toth knew this was a misstatement of the material fact.

30. As a result of Ms. Toth's filing of the disciplinary grievance and the petition, ABLA canceled its contract with Nicholas Guttenberg for legal services.

31. Guttenberg hereby alleges Ms. Toth's conduct constitutes tortious interference with the contract having established all four elements, which are (1) the existence of a contract between plaintiff and a third party; (2) Defendant's knowledge of the

    contract; (3) Defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to Plaintiff resulting in damages to himself and his company.

32. Based upon Ms. Toth's tortious interference with Guttenberg demands damages in the amount of $4,000,000.00. This damage comes from the calculation that charging $1,000.00 annually in a licensing contract for 4000 AKC clubs comes to the amount of $4,000,000.00.

**WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:**

1. On the Cause of Action for tortious interference of contract, damages in the amount of $4,000,000.00 as the court deems fit, plus plaintiff's costs and disbursements, including reasonable counsel fees.

2. On the Cause of Action for tortious interference of contract, damages in the amount of $4,000,000.00 as the court deems fit, plus plaintiff's costs and disbursements, including reasonable counsel fees.

3. On the causes of action, such other and further relief as the Court deems just and proper.

**Dated: October 12, 2022, Westchester County, New York**

*Nancy Guttenberg*
**NANCY FERGUSON-GUTTENBERG, ESQ.**
**399 Hawley Road**
**North Salem New York**
**(505)500-5422**
**ID Number: NF5122**